**SPEEDCO, INCORPORATED,
Plaintiff–Appellant,**

v.

**Donald ESTES, Defendant–Appellee.**

No. 88–1100.

United States Court of Appeals,
Federal Circuit.

Aug. 10, 1988.

**910**

James R. Higgins, Jr., Middleton & Reutlinger, Louisville, Ky., argued for plaintiff-appellant. With him on the brief was William T. Repasky. Also on the brief was J. David Porter, Stites & Harbison, Lexington, Ky.

James D. Liles, Frost & Jacobs, Cincinnati, Ohio, argued for defendant-appellee. With him on the brief was Denise H. McClelland, Frost & Jacobs, of Ft. Wright, Ky.

Before BISSELL and MICHEL, Circuit Judges, and COWEN, Senior Circuit Judge.

MICHEL, Circuit Judge.

This is an appeal from the order of the United States District Court for the Eastern District of Kentucky, Civil Action No. 86-225 (Oct. 30, 1987), dismissing the declaratory judgment complaint of Speedco, Incorporated (Speedco) against Donald Estes for lack of jurisdiction. We *affirm*.

## BACKGROUND

In January, 1984, Mr. Estes applied for a patent on an invention relating to rock dusting equipment used in underground coal mines. On May 30, 1984, during the pendency of the patent application, Mr. Estes and Quick Duster, Inc. (Quick Duster), a Kentucky corporation of which Mr. Estes was president and sole stockholder, executed a contract of sale in which all stock in Quick Duster and all rights to the invention were sold to Speedco, also a Kentucky corporation, for $500,000. Speedco paid $100,000 to Mr. Estes at the time that the agreement was signed, and executed a promissory note in the amount of $400,000, which was payable in ten annual installments of $40,000 plus 7% interest on the unpaid balance. On April 16, 1985, United States Patent No. 4,510,883 (the '883 patent), entitled "Apparatus for Distributing Powdered Material," was issued to Speedco as the assignee of the inventor, Mr. Estes.

According to Speedco's allegations[1] in the district court in this action, Speedco subsequently learned that Mr. Estes had knowingly failed to disclose both patented and unpatented prior art to the United States Patent and Trademark Office (PTO) during prosecution of the '883 patent. Furthermore, Speedco alleged that Mr. Estes had been aware of another company's intention to manufacture a machine that "misappropriated the essence" of his invention, but neither conveyed this information to Speedco prior to the sale transaction nor informed his own patent counsel, who might have been able to draft the claims of the '883 patent to cover that device. Finally, according to Speedco, Mr. Estes falsely represented to Speedco that the other company "had been placed under enforceable legal obligations" not to market a machine embodying the Estes invention or to use the trade secrets and nonpatentable proprietary aspects of the invention.

Speedco made its first installment payment on the promissory note to Mr. Estes in 1985 but did not make the second install-

---

1. Of course, we express no opinion on the validity or merits of Speedco's allegations, but merely repeat the minimum necessary to provide sufficient background for the decision in this appeal.

ment payment when it became due in 1986. Mr. Estes promptly gave notice of payment due to Speedco, but declined Speedco's "invitation" to discuss the validity of the '883 patent and Speedco's obligations under the note, stating in a letter from his counsel to Speedco's counsel that:

> You may inform your clients [Speedco] that if payment is not received when due pursuant to our previous notice then we anticipate that litigation will be necessary to collect the amounts due.

Instead of paying the second installment, Speedco filed the present action in district court, seeking a "declaration of rights" between the parties with respect to the '883 patent and how those declared rights relate to the parties' financial rights and obligations under the purchase agreement involving the patent.

Speedco's complaint does not allege that the '883 patent is invalid. In fact, Speedco stresses that its prime objective has always been to obtain and utilize a valid, enforceable patent. Nor does Speedco allege that Mr. Estes is infringing the '883 patent. The gravamen of Speedco's complaint is that the '883 patent was "weak," thereby forcing Speedco to undergo great expense to "maintain" or "salvage" its rights associated with the patent. In short, Speedco believes that it paid too much for the assignment of the invention because the validity and/or enforceability of the '883 patent is not free from doubt, even if valid, and the coverage of the patent's claims is not as broad as Speedco was led to believe at the time of the assignment. Thus, Speedco apparently seeks an evaluation by the district court as to the "validity and/or enforceability" of the patent and to have the terms of the assignment reformed in accordance with the district court's determination of the "true" value of what was conveyed. In short, Speedco seeks court approval to pay Mr. Estes less.

The district court granted Mr. Estes's motion to dismiss the complaint, holding that it lacked subject-matter jurisdiction under 28 U.S.C. § 1331 (1982) and 28 U.S.C. § 1338 (1982) and that no actual controversy existed for declaratory judgment juris-

diction under 28 U.S.C. § 2201 (1982 & Supp. IV 1986). Speedco argues on appeal that the district court properly could assume jurisdiction under section 1338(a).

## OPINION

■ Where there is no diversity between the parties, as here, the federal Declaratory Judgment Act, 28 U.S.C. § 2201, does not create an independent source of federal court jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950) ("[t]he operation of the Declaratory Judgment Act is procedural only"). Thus, the district court in this case could have assumed jurisdiction over Speedco's declaratory judgment complaint only as the result of having jurisdiction under 28 U.S.C. § 1338(a).

Section 1338(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents...." However, contrary to Speedco's arguments, the jurisdictional test under section 1338(a) is not confined solely to the "relating to patents" language of the statute, but requires also that the action be one "arising under" the federal patent laws. As the Supreme Court in *Christianson v. Colt Industries Operating Corp.*, — U.S. ——, ——, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988), recently reiterated:

> In interpreting § 1338's precursor, we held long ago that in order to demonstrate that a case is one "arising under" federal patent law "the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws." *Pratt v. Paris Gas Light & Coke Co.*, 168 U.S. 255, 259 [18 S.Ct. 62, 64, 42 L.Ed. 458] (1897).... Linguistic consistency, to which we have historically adhered, demands that § 1338 jurisdiction likewise extend only to those cases in which a well-pleaded complaint establishes either that federal patent law creates

the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

Furthermore, the "well-pleaded complaint" rule contemplates that whether an action arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914); *see also Vink v. Hendrikus Johannes Schijf,* 839 F.2d 676, 677–78, 5 USPQ2d 1728, 1730 (Fed.Cir.1988). Speedco, as declaratory plaintiff, asserts that its complaint indeed presents and requires resolution of a substantial question related to federal patent law. However, Speedco's complaint is not the one relevant to our inquiry.

■ In accordance with the Supreme Court's teaching in *Skelly Oil,* we determine whether federal court jurisdiction exists in a case seeking a declaratory judgment by applying the well-pleaded complaint rule not to the declaratory judgment complaint, but to the action that the declaratory defendant would have brought. 339 U.S. at 672, 70 S.Ct. at 879. As observed in *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 16, 103 S.Ct. 2841, 2850, 77 L.Ed.2d 420 (1983), "*Skelly Oil* has come to stand for the proposition that 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking'" (quoting 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2767, at 744–45 (2d ed. 1983)); *see*

*also Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952). Thus, the complaint relevant here is the well-pleaded state court complaint that Mr. Estes would have filed, if the threatened litigation had indeed been initiated by him.

■ Here, Mr. Estes's threatened litigation pertained only to a possible future resort to a state law contract action to enforce the terms of the contract and recover the overdue funds owed on the promissory note. Mr. Estes no longer has a colorable claim of ownership to the '883 patent since Speedco owns all rights in the '883 patent as a result of the assignment from Mr. Estes. Ordinarily, ownership of a patent is a requisite to the right to sue for patent infringement. *See Agrashell, Inc. v. Hammons Products Co.,* 352 F.2d 443, 446, 147 USPQ 347, 348–49 (8th Cir.1965); *but see Weinar v. Rollform Inc.,* 744 F.2d 797, 806–07, 223 USPQ 369, 375 (Fed.Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1844, 85 L.Ed.2d 143 (1985). Furthermore, nothing in the record indicates that Mr. Estes will seek to void the assignment in order to reclaim title to the '883 patent nor has Speedco shown how, under Kentucky law, Mr. Estes might have grounds upon which to regain title to the patent if he were so inclined. In fact, short of a complete renouncement of the assignment, an action based on state law claims is the only action that Mr. Estes could pursue.[2] *See Luckett v. Delpark, Inc.,* 270 U.S. 496, 511, 46 S.Ct. 397, 402, 70 L.Ed. 703 (1926); *Wilson v. Sanford,* 51 U.S. (10 How.) 99, 101, 13 L.Ed. 344 (1850).

With respect to Mr. Estes's threatened state law claim, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise*

2. Speedco asserts that the failure to find an actual controversy under the patent laws in the present circumstances would force the assignee of a patent to renounce the assignment before suing the assignor to prove invalidity. However, in light of our conclusion of no jurisdiction, resolution of whether Speedco as an assignee has standing to challenge the '883 pat-

ent's validity in a suit against Mr. Estes is not required. *Cf. Diamond Scientific Co. v. Ambico, Inc.,* 848 F.2d 1220, 1224, 6 USPQ2d 2028, 2030 (Fed.Cir.1988) ("[i]f an assignee of a patent were allowed to challenge the patent, it could be placed in the legally awkward position of simultaneously attacking and defending the validity of the same patent").

*Tax Board,* 463 U.S. at 13, 103 S.Ct. at 2848. Here, the '883 patent is simply the underlying subject of the contractual dispute. The elements of a state law cause of action for breach of contract are a duty under a valid contract and a failure to perform the duty; in this case, Mr. Estes must show that Speedco was under a duty to pay royalties and failed to perform that duty. Mr. Estes would not need to prove as an element of his well-pled contract claim that the '883 patent is valid, as issued patents are presumed valid absent proof to the contrary. 35 U.S.C. § 282 (1982 & Supp. IV 1986); *see Durango Associates, Inc. v. Reflange, Inc.,* 843 F.2d 1349, 1356 n. 4, 6 USPQ2d 1290, 1293 n. 4 (Fed.Cir. 1988). The invalidity of the patent merely would be raised by Speedco, if at all, as an excuse for its failure to perform under the contract, and therefore would only be an element of the defense to the contract action to recover the overdue installment payments. As this court clearly stated in *Ballard Medical Products v. Wright,* 823 F.2d 527, 530, 3 USPQ2d 1337, 1339 (Fed.Cir. 1987), the fact that patent issues are relevant under state contract law to the resolution of a contract dispute "cannot possibly convert a suit for breach of contract into one 'arising under' the patent laws as required to render the jurisdiction of the district court based on section 1338." *See also Consolidated World Housewares, Inc. v. Finkle,* 831 F.2d 261, 265, 4 USPQ2d 1565, 1568 (Fed.Cir.1987).

This court's decision in *C.R. Bard, Inc. v. Schwartz,* 716 F.2d 874, 219 USPQ 197 (Fed.Cir.1983), is not to the contrary. Most significantly, the declaratory plaintiff in *Bard* was a licensee, not an assignee. In that case the declaratory defendant-licensor retained title to the patent and the license could be terminated upon a patent validity challenge *or* the failure to pay royalties. *Id.* at 881 n. 5, 219 USPQ at 203 n. 5. In contrast, the assignment agreement at issue here transferred the entire interest in the '883 patent to Speedco and contained no reversionary clause, automatic or otherwise. Thus, since the defendant-licensor in *Bard* had no apparent impediment to its ability to sue for infringement in federal court, the court necessarily reached the issue of whether the totality of circumstances in that case indicated that the declaratory plaintiff's apprehension of being sued for infringement was reasonable. *See, e.g., Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.,* 846 F.2d 731, 735–36, 6 USPQ2d 1685, 1688–89 (Fed.Cir.1988). Here, since Speedco could only be sued by Mr. Estes for breach of contract under Kentucky law, not for patent infringement under federal law, we need not inquire further into whether the actual controversy requirement for declaratory judgment jurisdiction under 28 U.S.C. § 2201 is satisfied.

Nevertheless, Speedco argues that the failure to find jurisdiction in the district court in these circumstances would subject Speedco to the "unappealing prospect" of having its patent rights determined in the state courts of Kentucky. However, the statutory limitations on the jurisdiction of this court and the federal district courts, in conjunction with the well-pleaded complaint rule, can and do result in state courts resolving patent issues.

■ Contrary to Speedco's assertions, the Federal Circuit was not intended by Congress to be "the exclusive tribunal to hear appeals relating to patents" or to be the only federal circuit court to hear appeals of patent law issues. *See Christianson,* —— U.S. at ——–——, 108 S.Ct. at 2174–78; *Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d 1422, 1435–36, 223 USPQ 1074, 1083–84 (Fed.Cir.1984) (Federal Circuit has jurisdiction over appeals in patent "cases," not of patent "issues"). Congress's intention in this regard is clear from its choice for the text of 28 U.S.C. § 1295(a)(1) (1982 & Supp. IV 1986), which provides, in pertinent part for present purposes, that "[t]he United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from a final decision of a district court ... if the jurisdiction of [the district] court was based, in whole or in part, on section 1338...." As the above analysis in this opinion sets forth, since a district court's jurisdiction under section 1338 remains lim-

ited to civil actions "arising under" the patent laws, the creation of this court did not alter the traditional allocation of patent issues between federal and state courts resulting from application of section 1338. *See, e.g., Consolidated Kinetics Corp. v. Marshall, Neil & Pauley, Inc.,* 11 Wash. App. 173, 521 P.2d 1209, 182 USPQ 434 (1974) (deciding issue of obviousness in case arising under state contract law).

State and federal courts often are required to interpret and apply laws from outside their respective jurisdictions in order to decide specific issues in cases properly before them. *See, e.g., Felder v. Casey,* — U.S. —, —, 108 S.Ct. 2302, 2313, 101 L.Ed.2d 123 (1988) ("Supremacy Clause imposes on state courts a constitutional duty 'to proceed in such manner that all the substantial rights of the parties under controlling federal law [are] protected.' "); *Day & Zimmerman, Inc. v. Challoner,* 423 U.S. 3, 3–4, 96 S.Ct. 167, 168, 46 L.Ed.2d 3 (1975) (federal courts to apply foreign law if properly determined to be applicable); *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) (federal courts must follow the substantive law of the states as to nonfederal matters); *see also Lear, Inc. v. Adkins,* 395 U.S. 653, 675–76, 89 S.Ct. 1902, 1913–14, 23 L.Ed.2d 610 (1969) (remanding validity issue raised as defense to license action to state court for initial determination). In light of the general policy of minimizing confusion and conflicts in the federal judicial system, this court follows the guidance of the regional circuits in all but the substantive law fields assigned exclusively to us by Congress. *See Molins PLC v. Quigg,* 837 F.2d 1064, 1066, 5 USPQ2d 1526, 1527 (Fed.Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988); *Atari,* 747 F.2d at 1438–39, 223 USPQ at 1086–87 (and cases cited). Presumably, those same concerns will prompt the regional federal circuit courts, when confronted with issues in those substantive fields, to look in turn to our precedents for guidance. *Cf. Panduit Corp. v. All States Plastic Manufacturing Co.,* 744 F.2d 1564, 1573, 223 USPQ 465, 470 (Fed.Cir.1984) (a

federal district court exercising patent jurisdiction must follow the substantive patent law of the Federal Circuit).

Similarly, state courts confronted with federal law issues usually turn to the law of the appropriate federal court to aid in the resolution of those federal issues. While the prevailing view among the highest courts in the various states is that a state court is only bound as to meaning of federal constitutional law and federal statutory law by interpretations of the U.S. Supreme Court, *see, e.g., 423 South Salina Street, Inc. v. City of Syracuse,* 68 N.Y.2d 474, 489, 503 N.E.2d 63, 70–71, 510 N.Y. S.2d 507, 514–15 (1986), *cert. denied,* — U.S. —, 107 S.Ct. 1880, 95 L.Ed.2d 488 (1987), the decisions of the lower federal courts on issues of federal law are usually respected as persuasive, especially where uniform among the lower courts. *E.g., State v. Moyle,* 299 Or. 691, 707, 705 P.2d 740, 750 (1985) (state courts ordinarily respect decisions of lower federal courts on issues of federal law); *State v. McDowell,* 310 N.C. 61, 74, 310 S.E.2d 301, 310 (1984) (state courts will accord lower federal court decisions such persuasiveness as those decisions may reasonably command). As Congress created this court in order to bring uniformity to the national law of patents, presumably the state courts confronted with issues of federal law which relate to patents will therefore also look to the decisions of this circuit for guidance. *Cf. Brady v. Southern Railway Co.,* 320 U.S. 476, 479, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943) (state courts applying federal statute should follow uniform federal rule to insure similar treatment in all states).

## CONCLUSION

As this court observed in *Atari,* 747 F.2d at 1432, 223 USPQ at 1081, "Congress was not concerned that an occasional patent law decision of a regional circuit court, or of a state court, would defeat its goal of increased uniformity in the national law of patents." So, unless Congress changes its mind and alters the language of section 1338, Speedco will have to share Con-

gress's trust in the abilities of the state courts to interpret and apply federal law in order to resolve patent issues necessary to the decision of the case before them. Since Speedco has failed to show error by the district court in its dismissal of Speedco's declaratory judgment complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1338(a), the order of the district court is therefore affirmed.

AFFIRMED.