902 F.2d 43
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard FRAIGE and Vinyl Products Manufacturing, Inc.,
Plaintiffs-Appellants,
v.
AMERICAN NATIONAL WATERMATTRESS CORP., Defendant-Appellee.
 No. 89-1720.
 United States Court of Appeals, Federal Circuit.
 March 22, 1990.
 
 Before ARCHER, Circuit Judge, and BALDWIN and BENNETT, Senior Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 American National Watermattress Corp. (AM-NAT) moves to dismiss the appeal of Richard Fraige and Vinyl Products Manufacturing, Inc. (Vinyl). Vinyl opposes the motion.
 
 
 2
 Following a jury trial, the United States District Court for the Central District of California filed a judgment on July 19, 1989. The docket sheet shows that it was entered by the Clerk on July 20, 1989. The judgment in accordance with the jury verdict stated, inter alia, that AM-NAT infringed certain claims of Vinyl's patent, that AM-NAT had not prevailed on its implied license defense, and that pertinent claims of Vinyl's patent were invalid. AM-NAT subsequently filed a timely motion for "Judgment Notwithstanding the Verdict on Specified Issues, or, Alternatively, Amendment to the Judgment" pursuant to Fed.R.Civ.P. 50(b)/59(e). In the motion, AM-NAT moved the court to set aside or alter the jury's finding of infringement and for judgment NOV establishing its implied license defense. Prior to the district court ruling on AM-NAT's motion, Vinyl filed a notice of appeal.
 
 
 3
 On September 1, 1989, the district court denied AM-NAT's post-judgment motion. Vinyl did not file another notice of appeal.
 
 Fed.R.App.P. 4(a)(4) provides:
 
 4
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 59(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.
 
 
 5
 Rule 4(a)(4) is jurisdictional and may not be waived by a court of appeals. 9 Moore's Federal Practice p 204.12. In Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) the Supreme Court stated that an appeal filed before a timely Rule 50(b), 52(b), or 59(e) motion is ruled on was
 
 
 6
 not merely defective; it was a nullity. Under the plain language of the current Rule, a premature notice of appeal "shall have no effect;" a new notice "must be filed." In short, it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act. It is well settled that a timely notice of appeal is "mandatory and jurisdictional."
 
 
 7
 Griggs, 459 U.S. at 61. Accord Tylo Sauna, S.A. v. Amerec Corp., 826 F.2d 7 (Fed.Cir.1987).
 
 
 8
 Vinyl's arguments that the rules do not apply in its case are without merit. We specifically find that neither Vinyl's letter to the district court concerning whether its $105.00 filing fee had been received nor Vinyl's "Transcript Purchase Order" form sent to the district court constitutes the functional equivalent of a notice of appeal. See Torres v. Oakland Scavenger Co., 108 S.Ct. 2405 (1988).
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 AM-NAT's motion to dismiss is granted.