95 F.3d 1162
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
McNEILUS TRUCK AND MANUFACTURING, INC., Petitioner,
v.
The HEIL COMPANY, Respondent.
 Misc. No. 463.
 United States Court of Appeals, Federal Circuit.
 July 1, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 We directed McNeilus Truck and Manufacturing, Inc. to show cause why its petition for permission to appeal should not be dismissed as untimely. McNeilus responds that its petition was timely. The Heil Company responds that McNeilus's petition was untimely.
 
 
 2
 McNeilus's petition was due on May 23, 1996. McNeilus sent a copy of its petition by facsimile on May 23 and a "hard copy" was received on May 24, 1996. McNeilus argues that its petition was akin to a motion and, thus, was eligible for facsimile transmission pursuant to our practice note.
 
 
 3
 The Federal Circuit Practice Note to Rule 25 provides:
 
 
 4
 As a convenience to counsel, facsimile transmissions to the clerk and the parties of motions, responses to motions, and letters (not notices of appeal, petitions for review, briefs, appendices, citations of supplemental authority, or petitions for rehearing) are permitted.
 
 
 5
 Thus, while filing may be accomplished by facsimile for motions and letters, facsimile transmission does not constitute filing for a notice of appeal or a petition for review. While our Practice Note does not specifically proscribe facsimile transmission for a petition for permission to appeal like it does for a notice of appeal, it is nonetheless clear that a petition for permission to appeal is similar to a notice of appeal and dissimilar to a motion.
 
 
 6
 Both notices of appeal and petitions for permission to appeal are governed by statutes and have time requirements that are jurisdictional and cannot be waived. See Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 264 (1978); Tylo Sauna, S.A. v. Amerec Corp., 826 F.2d 7, 9 (Fed.Cir.1987); 28 U.S.C. § 1292(b), (c)(1). Fed.R.App.P. 25(b) specifically states that "the court may not enlarge the time for filing a notice of appeal, a petition for allowance, or a petition for permission to appeal". Finally, the Advisory Committee Notes to Fed.R.App.P. 27 clearly distinguishes between motions and petitions. "Certain rules require that application for the relief or orders which they authorize be made by petition" and relief under those rules may not be sought by motion.
 
 
 7
 Because the time limit for filing a petition for permission to appeal is jurisdictional and we have no authority to enlarge the time, McNeilus's petition must be dismissed as untimely.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 McNeilus's petition is dismissed.
 
 
 10
 RADER, Circuit Judge, dissenting.
 
 
 11
 I would not dismiss the petition for permission to appeal for untimeliness.