SHILEY, INC., etc., Plaintiff,

v.

BENTLEY LABORATORIES, INC.,
etc., Defendant.

BENTLEY LABORATORIES, INC., etc.,
Counter-Claimant,

v.

SHILEY, INC., etc., Counter-Defendant.

No. CV 81–3262 AWT.

United States District Court,
C.D. California.

July 25, 1985.

John E. Kidd, Giddon D. Stern, Pennie & Edmonds, New York City, Don W. Martens, Darrell L. Olson, Knobbe, Martens, Olson & Bear, Newport Beach, Cal., for plaintiff.

Roy E. Hofer, Gary M. Ropski, Mark J. Buonaiuto, Willian, Brinks, Olds, Hofer, Gilson & Lione Ltd., Chicago, Ill., Coe A. Bloomberg, Allan W. Jansen, Lyon & Lyon, Los Angeles, Cal., for defendant.

## MEMORANDUM ORDER RE CONTEMPT

TASHIMA, District Judge.

After trial, a Judgment and Permanent Injunction was entered against defendant on February 5, 1985 (the "Injunction"). The Injunction permanently enjoined defendant from further infringing the "patent claims in suit," as that term was defined therein. The Court has been informed by counsel that defendant's attempts to have the Court of Appeals stay the Injunction pending determination of the appeal have, thus far, been denied. On March 13, 1985, an order amending judgment and permanent injunction (the "Amended Judgment") was entered on the post-judgment motion of defendant. The Amended Judgment dismisses defendant's counterclaims on the patent claims in suit "on the merits," but "the remainder of defendant's counterclaim is dismissed without prejudice as being moot...."

Plaintiff has moved that defendant be held in civil contempt for violating the Injunction. Defendant has been manufacturing and marketing a BIO series of bubble blood oxygenators (the "BIO"). The BIO differs structurally from the BOS series (held after trial to infringe the patent claims in suit) in two respects: (1) the heat exchanger tubing of the BIO has a series of

discrete, individual annular ribs (a "bellows" configuration), whereas the BOS tubing (and patent claim) has a continuous helical rib; and (2) the cylindrical chamber of the BIO which contains the helically coiled heat exchanger tubing does not, unlike the BOS, have a cylindrical tube or column inside the helically wound heat exchanger tube.

Two differences in operation are observable as a result of these two structural changes. First, in the BIO, because of the bellows configuration of the heat exchanger tube, the blood that flows downward between the tube and the outer shell is not as restricted and its flow not as impeded as with use of a helically ribbed, helically wound heat exchanger tube. Second, because there is no central column within the heat exchanger coil of the BIO, the blood which flows inward from the top of the device (inside the coil) is not restricted or impeded at all in its downward flow. Since, unlike the BOS, there is no closely proximate interior wall to the chamber containing the heat exchanger coil, it is an accurate observation that the blood which flows inward cascades downward without restriction or impedence in flow, except for evacuation from the cylindrical chamber of blood which preceded it.

Plaintiff contends that these changes in hardware and operation are *"merely slight or only colorable."* It contends either literal infringement by the BIO or infringement under the doctrine of equivalents. Defendant, on the other hand, contends non-infringement and that plaintiff's bellows claims are invalid because of anticipation by the prior art.

Although there appears not to be any controlling case law, the parties agree that the applicable standard on this motion is "whether the new product alleged to be a contempt is 'merely colorably different' from the product previously conceded to infringe." *Interdynamics, Inc. v. Firma Wolf,* 653 F.2d 93, 98 (3d Cir.), *cert. denied,* 454 U.S. 1092, 102 S.Ct. 658, 70 L.Ed.2d 631 (1981) (citations omitted). *See also, e.g., American Foundry & Mfg. Co. v. Josam*

*Mfg. Co.,* 79 F.2d 116, 117 (8th Cir.1935). "In a civil contempt proceeding, the contempt must be proved by clear and convincing evidence." *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d 885 (9th Cir.1982) (trademark infringement claim applying "well-settled law"). Although it is not clear precisely to what finding the clear and convincing standard applies, I am unable to find by clear and convincing evidence that the differences between the BIO and BOS are "merely colorable" and no more. I, therefore, conclude that defendant is not guilty of contempt.

■ This conclusion also is supported by another consideration. At one point in the underlying litigation, plaintiff's bellows claims were in issue. Immediately prior to trial plaintiff withdrew its bellows claims from litigation, *i.e.,* withdrew its contention that defendant was infringing those claims. On that basis, defendant's counterclaim seeking declaratory relief that the bellows claims were invalid were dismissed by the Court as moot. Thus, the Amended Judgment dismisses those counterclaims as moot, without prejudice. When the Court, on September 11, 1984 dismissed the bellows invalidity counterclaim it stated: "Plaintiff is not claiming infringement on that basis today, so I think your request for declaratory relief is moot." Plaintiff then, or at no time during that dialogue, made any statement which would have disabused the Court and defendant of any mistaken impression that it was reserving to litigate another day infringement of the bellows claim or by a bellows configuration device. In this procedural posture it would be inequitable to, in effect, try infringement/validity of the bellows claim on a summary basis in a contempt action. *Cf. Shelcore, Inc. v. Durham Indus., Inc.,* 745 F.2d 621, 624 (Fed.Cir.1984) (plaintiff cannot unilaterally remove validity issue raised by counterclaim).

IT IS ORDERED that plaintiff's motion to hold defendant in contempt for violation of the injunction is DENIED.