**SHILEY, INC., Appellee,**

v.

**BENTLEY LABORATORIES, INC., Appellant.**

**Appeal No. 85–2066.**

United States Court of Appeals, Federal Circuit.

Jan. 24, 1986.

Roy E. Hofer, Gary M. Ropski and Mark J. Buonaiuto, William Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., submitted for appellant.

John E. Kidd, Gidon D. Stern, Stephen J. Harbulak, Pennie & Edmonds, New York City, and Joseph V. Colaianni, Pennie & Edmonds, Washington, D.C., submitted for appellee.

Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and BALDWIN, Circuit Judge.

### ORDER *

Bentley Laboratories (Bentley) appeals from a denial by the United States District Court, 621 F.Supp. 105, for the Central District of California of its *motion* for a stay of an injunction *pending an appeal* on the merits. We dismiss for lack of jurisdiction over such an attempted appeal.

In this patent infringement action, the district court enjoined Bentley from infringing U.S. Patent Nos. 4,065,264 and 4,138,288 owned by Shiley, Inc. 601 F.Supp. 964, 225 USPQ 1013 (C.D.Cal.1985). Bentley's motion for a stay of the injunction pending an appeal on the merits was denied by the district court, *see* Fed.R.Civ.P. 62(c), and by this court, *see* Fed.R.App.P. 8(a). Bentley appeals the district court's denial of the stay of the injunction.

This court raises *sua sponte* the issue as to its jurisdiction to entertain this purported appeal. *See Parker Bros. v. Tuxedo*

---

* This Order was issued in unpublished form on September 10, 1985 and amended on November 1, 1985. It is reissued for publication in response to a motion filed by Bentley Laboratories, Inc.

*Monopoly, Inc.* 757 F.2d 254, 226 U.S.P.Q. 11 (Fed.Cir.1985). We hold that a denial of a stay of a post-trial injunction pending an appeal on the merits is neither a "final decision," 28 U.S.C. § 1295(a)(1) (1982), nor within this court's jurisdiction over *interlocutory* orders as delineated in 28 U.S.C. § 1292(c).

The proper procedure for seeking a stay of a post-trial injunction from this court after a district court's denial of a motion for the same is set forth in Fed.R.App.P. 8(a). Bentley has exhausted that procedure. It may not now seek the same remedy under the guise of an appeal, the motion to expedite Appeal No. 85–2066 having been improvidently granted in this court's order of June 5, 1985, in which this court considered and denied Bentley's motion under Fed.R.App.P. 8(a) on its merits.

It is therefore ORDERED

1) that the appeal be dismissed.