**BALLARD MEDICAL PRODUCTS,**
Plaintiff/Appellant,

v.

**H. Earl WRIGHT,**
Defendant/Cross-Appellant.

No. 87–1038, 87–1064.

United States Court of Appeals,
Federal Circuit.

July 9, 1987.

See also, Fed.Cir., 821 F.2d 642.

Lynn G. Foster, of Salt Lake City, Utah, argued for Ballard Medical Products. With him on the brief was John R. Merkling.

H. Ross Workman, Workman, Nydegger & Jensen, of Salt Lake City, Utah, argued for Wright. With him on the brief were David O. Seeley and Kent S. Burningham.

Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and SMITH, Circuit Judge.

## ORDER

MARKEY, Chief Judge.

H. Earl Wright (Wright) has moved for dismissal of this appeal for lack of appellate jurisdiction.

## BACKGROUND

On March 31, 1984, Wright and Ballard Medical Products (Ballard) entered a license agreement in which Ballard was granted the exclusive right to produce health-care products using certain foam devices claimed in Wright's U.S. Patent Nos. 3,428,222, 3,709,437, 3,937,364, 3,973,701, 3,985,271, 4,018,364, 4,022,351, 4,044,923, and 4,184,615 and in application serial Nos. 330,254 and 352,936. On December 24, 1985, Ballard sued Wright, Earl Wright Co. (EWC), and ICI Americas, Inc. d/b/a Stuart Pharmaceuticals (ICI), in the United States District Court for the District of Utah.

Ballard's complaint alleged that Wright had breached the agreement by manufacturing, selling, and licensing technological improvements (the "ICI" device) that fell within the exclusive license. The complaint also included other allegations of contract-related torts. Ballard made no claim that the licensed patent was infringed and did not seek to invalidate the patents or the license agreement. The complaint alleged that the district court had diversity jurisdiction under 28 U.S.C. § 1332 (1982).

Before answering the complaint, Wright invoked an arbitration clause in the agreement and moved for a stay pending arbitration. On March 20, 1986, the district court granted the stay pursuant to 9 U.S.C. § 3 (1982).

Before arbitration, Wright filed an "Amended Demand For Arbitration" which requested declarations that the ICI device did not come within the terms of the license agreement and that Wright was not, therefore, in breach of the agreement. Ballard responded with an answer and "Amended Claims in Arbitration" incorporating the causes of action set forth in its complaint. At a prehearing status conference before the arbitration panel, the parties stipulated that the claims set forth in those papers would be determined by arbitration.

The arbitrators determined that neither party had breached the license agreement. Ballard then dismissed its complaint against EWC and ICI. Wright moved in the district court to confirm the arbitration award except for the portion denying him his attorney fees, costs, and expenses. In response, Ballard moved to vacate the award on several grounds listed in 9 U.S.C. § 10,[1] and argued that the arbitration panel improperly refused to invalidate the licensed patents in view of Wright's testimo-

---

1. 9 U.S.C. § 10 reads in pertinent part:

In either of the following cases the United States court in and for the district where the award was made may make an order vacating the award upon the application of any party to the arbitration—

. . . .

(c) Where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; . . .

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

ny that he had not disclosed the claimed inventions' best mode. 35 U.S.C. § 112.

On October 2, 1986, the district court confirmed the arbitration award in all respects in an unpublished 27–page memorandum and entered judgment thereon. C–85–1399J (D.Utah Oct. 2, 1986) (Jenkins, J.). Both parties then appealed from that judgment.

On November 14, 1986, Wright moved to dismiss the appeals, arguing that the district court's jurisdiction was not based in whole or in part on 28 U.S.C. § 1338 as required by this court's jurisdictional statute, 28 U.S.C. § 1295(a)(1), but was based solely on diversity, 28 U.S.C. § 1332.

Wright characterizes Ballard's submission of patent-law-related "defenses" two weeks before the arbitration hearing, and again in its now-denied Motion for Summary Disposition in this court, as efforts to create jurisdiction in this court, and points out that the mere presence of those defenses forms no basis for jurisdiction in this court.

■ Action on the motion to dismiss was deferred for consideration with the appeal on its merits. Wright's counsel at oral argument and in Wright's brief informs the court that, for his client's benefit, he no longer wishes to pursue the motion to dismiss and hopes that this court would find jurisdiction on the theory that Ballard's suit could be theoretically characterized as based on a claim for patent infringement.[2]

Ballard says this is a "patent case" because "patent issues" were raised during the arbitration proceeding. Conceding that those patent issues were not raised in the pleadings, Ballard contends that the public policy of *Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610, 162 U.S.P.Q. 1 (1969), eliminates what Ballard calls the "niceties of written pleading of patent issues." Ballard also says that the arbitration statute, 35 U.S.C. § 294, requires arbitrators to rule on patent issues, and, because § 294 is an act of Congress

relating to patents, jurisdiction vests in this court.

### ISSUE

Whether this court has jurisdiction of this appeal.

### ANALYSIS

In 28 U.S.C. § 1295(a)(1), Congress granted this court exclusive jurisdiction over any appeal from a final decision of the district court "if the jurisdiction of that court was based, in whole or in part, on Section 1338 of this title," and the case was not based solely on a copyright or trademark claim. Section 1338 provides that "The district courts shall have original jurisdiction of *any civil action arising under any Act of Congress relating to patents* ...." [Emphasis added.] For this court to have jurisdiction, the "controlling fact" is that the district court's jurisdiction must have been based "in whole or in part" on § 1338. *Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d 1422, 1429, 223 U.S.P.Q. 1074, 1079 (Fed.Cir.1984) (*in banc*).

■ Both parties simply ignore the basis for the district court's jurisdiction, a freewheeling and improper approach not open to this court. 28 U.S.C. § 1295(a)(1). The district court's jurisdiction here was based solely on diversity. Ballard's action was solely for breach of contract and for contract-related torts, all of which causes of action arose under state law. Absent diversity, Ballard's suit would have had to have been heard in a state, not a federal, court. The scope of a licensed patent may control the scope of a license agreement, but that rule of contract law cannot possibly convert a suit for breach of contract into one "arising under" the patent laws as required to render the jurisdiction of the district court based on section 1338.

■ Ballard erroneously suggests that this court's jurisdiction under 28 U.S.C. § 1295(a)(1) should be determined by the mere presence of patent *issues.* As did

---

**2.** Though counsel's statement did not alone accomplish a withdrawal of Wright's motion, this court may and should *sua sponte* dismiss an

appeal whenever lack of jurisdiction appears. *See, e.g., Shiley v. Bentley,* 782 F.2d 992, 228 U.S.P.Q. 543 (Fed.Cir.1986).

Congress when it created this court, we have expressly rejected that suggestion in *Atari,* 747 F.2d at 1432, 223 U.S.P.Q. at 1081, and again in *Christianson v. Colt Industries Operating Corp.,* 822 F.2d 1544, 1551–53 (Fed.Cir. 1987). In *Christianson,* this court reaffirmed our adherence to Congress' expressed intention that this court normally determine its jurisdiction under traditional "arising under" principles, which implicate the "well-pleaded complaint" rule. That patent validity or infringement issues may have been injected during the course of an arbitration proceeding in a contract suit forms no basis for asserting that the district court's jurisdiction was based on § 1338 and hence forms no basis for asserting jurisdiction in this court.

■ Ballard's contention that the strong public policy of *Lear, Inc. v. Adkins* relieves it from the requirement to specify its cause of action in its pleadings borders the frivolous.

■ Ballard's reliance on 35 U.S.C. § 294 is misplaced. Added to authorize the enforcement of agreements to arbitrate, *see* H.R.Rep. 542, 97th Cong., 2d Sess. 12–13, *reprinted in* 1982 U.S.Code Cong. & Admin. News 765, 776–77, section 294 expressly states that it applies to a "dispute relating to patent validity and infringement arising under the contract." Beyond the inability of section 294 to form the basis for a cause of action, or as the basis for district court jurisdiction, the record here establishes that Ballard's cause of action did not arise out of such a dispute. Indeed, because the parties went to arbitration in this *contract* suit, section 294 simply played no role in this case.

■ In ruling that the arbitrators considered the pertinent evidence under 9 U.S.C. § 10(c), the district court stated:

The arbitrators were in no sense "guilty of misconduct" in refusing to hear evidence regarding the validity of Wright's patents for the simple reason that their *validity was never in issue in the arbitration* and hence not "pertinent and material" to the controversy between the parties. The scope of the controversy was defined by Wright's "Amended Demand for Arbitration" and "Ballard's Amended Claims in Arbitration Against H. Earl Wright." *Nowhere in those pleadings does either party challenge the validity of Wright's patents.* Rather the gist of the controversy was *whether certain inventions came within the scope of the license agreement.* The arbitrators were asked to construe the parties' contract, not to construe or enforce the patent laws. [Emphasis added and footnote omitted]

Noting that Ballard could file an action for a declaratory judgment that Wright's patents were invalid, the district court said: "But the validity of the patents was not a question the parties agreed to submit to arbitration." In rejecting Ballard's argument that its continuing liability for royalties placed patent validity within the scope of the arbitration, the district court noted that Ballard's prospective liability for royalties was not in issue, a fact conceded by Ballard's counsel at the arbitration hearing. The district court was eminently correct in determining that validity was not an issue before the arbitrators.

In denying Ballard's motion to vacate the arbitration award under 9 U.S.C. § 10(d) and rejecting Ballard's ground that the arbitrators failed to rule on the subject matter submitted, the district court correctly stated:

The court holds that the arbitrators in this case did not imperfectly execute their powers by refusing to invalidate Wright's patents. The arbitrators' "powers" in this case were derived from the agreement of the parties and the governing federal law. Those powers were limited primarily to construing the contract between the parties to determine whether or not certain technology came within the scope of the parties' agreement. The arbitrators did not have any power to invalidate patents, since the parties never agreed to arbitrate the validity of Wright's patents, nor does federal law give arbitrators an independent power to invalidate patents.

In disposing of Ballard's argument that the "important public interest" of *Lear, Inc. v. Adkins* required the arbitrators to invalidate Wright's patents, the district court eloquently stated that "it is one thing to say that arbitrators should consider public policy in doing their job and quite another to say that arbitration boards constitute some sort of roving Patent Office empowered to pass upon the validity of patents and enforce the patent laws wherever they may find them," and noted that "[h]ad the arbitrators in this case taken it upon themselves to invalidate Wright's patents, Wright might have very well have been able to petition this court to vacate the award under section 10(d) on the grounds that the arbitrators had *exceeded* their powers.".

We detect not even a hint of error in the district court's characterization of the claims before it and before the arbitrators. Those claims could not possibly cause the district court's jurisdiction to have been based on 28 U.S.C. § 1338. Thus this court cannot possibly have jurisdiction under 28 U.S.C. § 1295(a)(1).

Accordingly, it is ORDERED:

Wright's motion to dismiss these appeals for lack of appellate jurisdiction is *granted*.