TYLO SAUNA, S.A., Plaintiff-Appellant,

v.

AMEREC CORPORATION, Defendant-Appellee.

No. 87–1173.

United States Court of Appeals, Federal Circuit.

Aug. 7, 1987.

---

Randall G. Erdley, Washington, D.C., argued for plaintiff-appellant.

1.  The Florida Supreme Court response is reported at 511 So.2d 968.

Bruce A. Kaser, of Barnard Pauly and Kaser, Seattle, Wash., argued for defendant-appellee.

Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.

## ORDER

MARKEY, Chief Judge.

Tylo Sauna, S.A. (Tylo) appeals from a judgment of the United States District Court for the Western District of Washington granting summary judgment of noninfringement to Amerec Corporation (Amerec). No. C86–1144 (W.D.Wash. Dec. 12, 1986). We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Tylo owns U.S. Patent No. 4,384,190 ('190 patent), entitled "Control Panel Arrangement for an Electric Sauna Heating Unit," issued May 17, 1983 to Mats O. Janson. Amerec manufactures and sells sauna heaters. On July 31, 1986, Tylo sued Amerec in the Western District of Washington for infringing the '190 patent. Amerec answered on September 18, 1986, denying infringement and asserting in a counterclaim that the '190 patent was invalid and unenforceable. On the same day, Amerec filed a motion for summary judgment of noninfringement, with attached exhibits. Amerec also moved for summary judgment that the '190 patent was invalid. Tylo filed memoranda opposing Amerec's motions, but submitted no affidavits or other evidence. Neither party requested oral argument, and none took place.

On December 12, 1986, the district court granted Amerec's motion for summary judgment of noninfringement, entering judgment in Amerec's favor on December 15, 1986. The court did not reach Amerec's challenge to the validity of the '190 patent.

The district court docket entries show that Tylo filed a "Motion for Reconsideration of the Order Granting Summary Judgment," by telephone on December 22, 1986 and formally on December 23, 1986.

Tylo filed a notice of appeal on January 9, 1987. The district court denied Tylo's "Motion for Reconsideration" on February 5, 1987. Tylo filed no notice of appeal from that order.

## ANALYSIS

In considering Amerec's argument that this court lacked jurisdiction over an appeal from the denial of Tylo's "Motion for Reconsideration" (because no notice of that appeal was filed), this court has *sua sponte* recognized its lack of jurisdiction over Tylo's attempted appeal from the grant of summary judgment as well. *See Ballard Medical Prod. v. Wright*, 823 F.2d 527, 530 n. 2 (Fed.Cir.1987); *Shiley, Inc. v. Bentley Laboratories, Inc.*, 782 F.2d 992, 992, 228 USPQ 543, 544 (Fed.Cir.1986).

The authorities are uniform that a motion to reconsider the grant of summary judgment, if made within ten days after entry of judgment, as Tylo's was, is effectively a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983); *Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 811 (9th Cir.1981); 6A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 59.12[1] at 59–285 n. 39 (2d ed. 1986); and cases cited therein.

Fed.R.App.P. 4(a)(4) provides:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iii) under Rule 59 to alter or amend the judgment; ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. *A notice of appeal filed before the disposition of any of the above motions shall have no effect.* A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing. [Emphasis added]

█ Under the plain language of the rule, Tylo's notice of appeal filed January

9, 1987 "shall have no effect" because it was filed before the disposition of Tylo's motion for reconsideration, effectively a motion under Rule 59 to alter or amend the judgment. Because Tylo filed no new notice of appeal following the district court's denial of that motion, the position is the same as that which would exist if no notice of appeal had ever been filed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). Without a timely notice of appeal, this court has no jurisdiction. *Id.*

Nor do we have discretion to waive the requirements of Fed.R.App.P. 4(a)(4). *Id.*

Accordingly, IT IS ORDERED THAT:

This appeal is dismissed for lack of jurisdiction.