NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1392, -1393, -1394, -1422, -1425, -1426, -1427, -1431, -1433, -1464

LG ELECTRONICS MOBILECOMM U.S.A., INC.,

Appellant,

and

CELLCO PARTNERSHIP (doing business as Verizon Wireless),

Appellant,

and

QUALCOMM INCORPORATED,

Appellant,

and

SAMSUNG ELECTRONICS CORPORATION, LTD.,

Appellant,

and

SPRINT NEXTEL CORPORATION,

Appellant,

and

MOTOROLA, INC.,

Appellant,

and

AT&T MOBILITY LLC (formerly known as Cingular Wireless, LLC),

Appellant,

and

KYOCERA WIRELESS CORPORATION,

Appellant,

and

T-MOBILE USA, INC.,

Appellant,

and

SANYO FISHER CO.,

Appellant,

v.

INTERNATIONAL TRADE COMMISSION,

Appellee,

and

BROADCOM CORPORATION,

Intervenor.

ON MOTION

2007-1392 et al.                                    2

Before MICHEL, Chief Judge, MAYER and PROST, Circuit Judges.

PROST, Circuit Judge.

O R D E R

LG Electronics MobileComm U.S.A., Inc., Cellco Partnership (doing business as Verizon Wireless) (Verizon), Qualcomm Incorporated, Samsung Electronics Corporation, Ltd., Sprint Nextel Corporation, Motorola, Inc., AT&T Mobility LLC, Kyocera Wireless Corporation, and T-Mobile USA, Inc. each move for a stay, pending appeal, of the limited exclusion order (LEO) issued by the International Trade Commission (ITC) on June 7, 2007. The ITC and Broadcom Corporation each oppose. Verizon and Qualcomm each reply. The ITC moves to dismiss the appeals for lack of jurisdiction. Verizon, Qualcomm, AT&T, Sprint, and LG each oppose, and Samsung and Motorola file a joint opposition. Kyocera joins the oppositions filed by Verizon and the other appellants. The ITC replies. Alcatel-Lucent moves for leave to file a brief amicus curiae. The ITC opposes. APCO International, the District of Columbia, the San Diego Police Department, the International Association of Chiefs of Police, the International Association of Fire Chiefs, the National Emergency Number Association, and the National Public Safety Telecommunications Council move for leave to file a brief amicus curiae. The ITC opposes. CTIA-The Wireless Association, the United States Telecom Association, PCIA-The Wireless Infrastructure Association, UTStarcom, Inc., Bridgewater Systems Inc., Crown Castle International Corp., Infospace, American Tower Corporation, Syniverse Technologies, Smith Micro Software, Inc., and PacketVideo Corporation move for leave to file a brief amicus curiae. The ITC opposes. Broadcom moves for leave to file new evidence in support of its opposition to the

2007-1392 et al.                                    3

motions to stay. Broadcom states that LG and Kyocera oppose and the ITC does not oppose. Qualcomm responds. Verizon opposes Broadcom's motion. Samsung joins the opposition filed by Verizon.

Broadcom owns a patent disclosing, inter alia, a power saving technique for wireless devices. Qualcomm contracts with third parties for the manufacture and sale of baseband processor chips[1] outside of the United States. The chips are then incorporated into wireless handsets and other devices at facilities outside of the United States. LG, Samsung, Motorola, and Kyocera each purchase Qualcomm chips and incorporate them into devices outside the United States, then import the devices into the United States for sale. Sprint, Verizon, AT&T, and T-Mobile operate wireless networks.

Broadcom filed a complaint, naming Qualcomm as the only respondent, alleging unfair acts in violation of 19 U.S.C. § 1337. Broadcom alleged that certain Qualcomm chips infringe Broadcom's patents. The Administrative Law Judge (ALJ) bifurcated the proceedings into two phases, liability and remedy. LG, Verizon, Qualcomm, Samsung, Sprint, Motorola, and Kyocera were not involved in the liability phase but intervened in the remedy phase of the ITC proceedings.[2] AT&T and T-Mobile did not participate in the ITC proceedings.[3]

---

[1] The LEO covers both chips and chipsets, which are combinations of chips. In the interest of simplicity, this order refers to both collectively as chips.

[2] Verizon moved for leave to intervene in the liability phase. The ALJ denied the motion.

[3] The ITC denied T-Mobile's motion for leave to intervene and rejected a submission filed by AT&T.

In the liability phase, the ALJ found that Qualcomm's chips, when programmed to enable power saving features, infringe one of Broadcom's patents. With respect to remedy, Broadcom sought exclusion of not only Qualcomm chips, but also cellular telephone handsets and other handheld wireless devices imported by non-parties, including LG, Samsung, Motorola, and Kyocera, containing Qualcomm chips. The ALJ recommended, however, that the ITC exclude only the chips imported by Qualcomm and not handsets imported by non-parties.

The ITC affirmed the ALJ's finding of a violation of section 1337. However, the ITC did not adopt the ALJ's recommended remedy. Instead, the ITC issued a limited exclusion order excluding from entry not only chips imported by Qualcomm, but also "[h]andheld wireless communications devices, including cellular telephone handsets and PDAs, containing Qualcomm baseband processor chips or chipsets that are programmed to enable the power saving features covered by claims 1, 4, 8, 9, or 11 of U.S. Patent No. 6,714,983, wherein the chips or chipsets are manufactured abroad by or on behalf of Qualcomm Incorporated." The ITC carved out from the LEO existing models of handsets, allowing such models to continue to be imported. The ITC also issued a cease and desist order. LG, Verizon, Qualcomm, Samsung, Sprint, Motorola, AT&T, Kyocera, and T-Mobile appeal and seek a stay, pending appeal, of the LEO. In addition, Qualcomm seeks a stay, pending appeal, of the cease and desist order.

We turn first to the ITC's argument that the appeals should be dismissed for lack of jurisdiction. This court has jurisdiction to review "final determinations of the United States International Trade Commission" pursuant to 28 U.S.C. § 1295(a)(6). Pursuant to 19 U.S.C. § 1337(j), if the ITC determines that there is a violation of section 1337, it is

required to transmit its determination to the President for review. If the President disapproves of the determination for policy reasons, then the ITC's orders become void. 19 U.S.C. § 1337(j)(2). If the President approves the ITC's determination or fails to disapprove it within 60 days, then by statute the ITC determination becomes final at that time. 19 U.S.C. § 1337(j)(4). Thus, as a general rule, a party aggrieved by an ITC determination may not appeal until either the President approves of the determination or the 60-day review period ends.

This court also has jurisdiction to review certain interlocutory orders pursuant to 28 U.S.C. § 1292(c)(1). [4] The parties dispute whether the orders issued by the ITC – the LEO, cease and desist order, and order denying a stay of the LEO – are interlocutory orders made appealable by that provision.

First, we address the appellants' argument that this court has jurisdiction to review the ITC's June 21 order denying a stay of the LEO pursuant to 28 U.S.C. § 1292(c)(1) and on that basis we have jurisdiction to grant a stay. [5] We determine that this argument is foreclosed by our decision in Shiley, Inc. v. Bentley Labs., Inc., 782 F.2d 992 (Fed. Cir. 1998). In that case, Bentley appealed a district court decision denying a motion for a stay of an injunction. We stated "a denial of a stay of a post-trial

---

[4] Section 1292(c)(1) states:

(c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction --
    (1) of an appeal from an interlocutory order or decree described in subsection (a) or (b) of this section in any case over which the court would have jurisdiction of an appeal under section 1295 of this title . . . .

[5] We note that it appears that only LG filed a supplemental petition for review seeking review of the ITC's June 21 order.

injunction pending an appeal on the merits is neither a 'final decision,' 28 U.S.C. § 1295(a)(1), nor within this court's jurisdiction over *interlocutory* orders as delineated in 28 U.S.C. § 1292(c)." Id. at 993 (emphasis in original). Thus, we lack jurisdiction to review the ITC's June 21 order. To the extent that the appellants argue that they seek review of the June 21 order and on that basis we have jurisdiction to stay the LEO, that argument fails.

Next, the ITC argues that the appeals must be dismissed because the LEO and cease and desist order are not appealable final determinations until the 60-day Presidential review period set forth in 19 U.S.C. § 1337(j) has ended. The ITC further argues that these orders are not appealable as interlocutory orders pursuant to 28 U.S.C. § 1292(c)(1) because the orders are not interlocutory; rather, pursuant to 19 U.S.C. § 1337(j)(3)[6] they are final for all purposes except judicial review. The ITC argues that allowing an appeal before the end of the Presidential review period would contravene the purpose of the delay in judicial review provided by 19 U.S.C. § 1337(c). The ITC asserts that the 60-day Presidential review period "reflects a Congressional judgment that the President's exercise of his discretion should not be hampered by ongoing judicial proceedings concerning the matter he is reviewing." The ITC contends that section 1337(j)(3) allows entry of excluded products upon posting of a bond during the Presidential review period, thus providing a mechanism for obtaining interim relief during that period.

---

[6] Section 1337(j)(3) states:

(3) Subject to the provisions of paragraph (2), such determination shall, except for purposes of subsection (c) of this section, be effective upon publication in the Federal Register . . .

2007-1392 et al. 7

The appellants argue that the LEO and cease and desist order are appealable pursuant to 28 U.S.C. § 1292(c)(1) and our decision in Electronic Data Systems Federal Corp. v. General Services Admin. Bd. of Contract Appeals, 792 F.2d 1569 (Fed. Cir. 1986). In Electronic Data Systems, this court determined that it had jurisdiction, pursuant to 28 U.S.C. § 1292(c)(1), to review an injunctive order from an administrative agency over which this court otherwise has appellate jurisdiction, even though there was no final decision by the agency. Electronic Data Systems, 792 F.2d at 1575 ("Injunctive orders from any tribunal within our exclusive appellate jurisdiction fall within the jurisdiction granted to this court by § 1292(c)(1)"). The appellants further argue that in Jazz Photo Corp. v. United States Int'l Trade Comm'n, No. 99-1431 (Fed. Cir. July 6, 1999), we interpreted Electronic Data Systems as allowing this court to assert jurisdiction over an ITC determination during the Presidential review period.

We note that Jazz Photo Corp. is a nonprecedential order issued prior to January 1, 2007. Thus, Fed. Cir. R. 32.1 does not authorize its citation. Furthermore, pursuant to Fed. Cir. R. 32.1(d), this court "may look to a nonprecedential disposition for guidance or persuasive reasoning, but will not give one of its own nonprecedential dispositions the effect of binding precedent." Thus, this court's disposition in Jazz Photo Corp. does not resolve the jurisdictional issue before us.

We agree with the ITC that the LEO and cease and desist order are not appealable as final determinations pursuant to 28 U.S.C. § 1295(a)(6) during the Presidential review period. Further, we determine that these orders are also not appealable interlocutory orders pursuant to 28 U.S.C. § 1292(c)(1). Section 1337 provides that an ITC determination does not become final for purposes of judicial review

until the President has either approved of the determination or failed to disapprove within 60 days. See 28 U.S.C. § 1337(j)(4); SSIH Equip. S.A. v. United States Int'l Trade Comm'n, 718 F.2d 365, 370 (Fed. Cir. 1983) ("Commission determinations are not *final* for purposes of appeal to this court until the [Presidential] review period has run") (emphasis in original). In other words, the statutory scheme provides for initial review of ITC determinations, as well as exclusion and cease and desist orders, by the President and subsequent review by this court unless the President first disapproves of the determination. Thus, it is clear that Congress did not intend that an ITC determination would be before the President and this court simultaneously.

The bonding provision in section 1337(j)(3), allowing entry of excluded products upon posting of a bond, further suggests that Congress did not intend for this court to assert jurisdiction over ITC determinations and orders during the Presidential review period. The bonding provision permits parties subject to exclusion and cease and desist orders to obtain interim relief without appealing to this court during the Presidential review period. Indeed, as the ITC points out, the statutory bonding provision, in effect, allows parties to obtain a stay without appealing to this court.

In essence, the appellants argue that they have three means of obtaining immediate relief from an ITC determination: Presidential disapproval of the determination, posting of a bond, and judicial review in this court. Because the statute explicitly provides the first two forms of relief but is silent with respect to the third, we determine that Congress did not intend to allow it. We determine that the appellants' remaining arguments in opposition to the motion to dismiss lack merit. Thus, we hold that we lack jurisdiction and dismiss.

2007-1392 et al.                              9

Because we dismiss, the motions to stay and all other motions are moot.

Accordingly,

IT IS ORDERED THAT:

(1)     The ITC's motion to dismiss is granted.

(2)     The motions for a stay, pending appeal, are moot.

(3)     The motions for leave to file briefs amicus curiae are moot.

(4)     Broadcom's motion for leave to file new evidence in support of its opposition to the motions to stay is moot.

(5)     All sides shall bear their own costs.

FOR THE COURT

July 20, 2007
Date

/s/ Sharon Prost
Sharon Prost
Circuit Judge

cc:     Marguerite E. Trossevin, Esq.
        Mark C. Hansen, Esq.
        Don F. Livornese, Esq.
        Michael J. McKeon, Esq.
        Russell E. Levine, Esq.
        Cecilia H. Gonzalez, Esq.
        Gregory Steven Arovas, Esq.
        Mark Stuart Zolno. Esq.
        Kathryn L. Clune, Esq.
        Josh A. Krevitt, Esq.
        Mark Stuart Zolno. Esq.
        Michael Liberman, Esq.
        Robert A. Van Nest, Esq.
        Avinash S. Lele, Esq.
        Richard L. Rainey, Esq.
        Paul M. Smith, Esq.


s17


ISSUED AS A MANDATE: _____


2007-1392 et al.                11