**UNITED STATES COURT OF APPEALS** **January 16, 2008**

**FOR THE TENTH CIRCUIT**

---

UFCW LOCAL 880–RETAIL
FOOD EMPLOYERS JOINT
PENSION FUND, on behalf of itself
and all others similarly situated;
POMPANO BEACH POLICE AND
FIREFIGHTER'S RETIREMENT
SYSTEM; KAMEL AOUIDAD,
an individual; JOHN S. CHAPMAN;
ZOE MYERSON,

        Plaintiffs-Appellees,

v.

NEWMONT MINING
CORPORATION; WAYNE W.
MURDY; PIERRE LASSONDE;
BRUCE D. HANSEN; DAVID H.
FRANCISCO, an individual;
THOMAS L. ENOS, an individual;
RUSSELL BALL, an individual;
ROBERT J. GALLAGHER,
an individual,

        Defendants-Appellees.

---

GIDEON MINERALS U.S.A., INC.,
and its wholly owned subsidiaries;
PT LEBONG TANDAI;
PT PUKUAFU INDAH;
PT TANJUNG SERA PUNG,

        Intervenors-Appellants.

No. 07-1159
(D.C. Nos. 05-cv-1046-MSK-BNB,
05-cv-1100-MSK-CBS &
05-cv-1141-MSK-BNB)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Gideon Minerals U.S.A., Inc., and its wholly owned subsidiaries; PT Lebong Tandai; PT Tanjung Sera Pung; and PT Pukuafu Indah (collectively "Gideon") appeal from the district court's order denying its amended motion to intervene and striking its requests for entry of default against defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Procedural Background

The underlying action here is a securities fraud case, which involved shareholders of defendant Newmont Mining alleging that defendants made various false statements as to the quantity and quality of the output of its mines. More than a year after the commencement of this action, Gideon sought to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2). The district court denied the motion to intervene on September 1, 2006, finding that nothing in the adjudication of the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

securities fraud claims by the plaintiffs against the defendants would affect Gideon's rights in its dispute with defendant Newmont Mining over the ownership of the mines.

On October 3, Gideon filed an amended motion to intervene and a proposed complaint. Defendants filed a response, asserting that there was no material difference between the amended motion to intervene and the original motion to intervene. Defendants further stated that because the district court denied the original motion to intervene without briefing by defendants, they did not intend to file a substantive response to the amended motion to intervene unless directed to do so by the court.

While the amended motion to intervene was pending, Gideon proceeded to file an "Attorneys['] Statement of Default by Defendants," a "Second Request for Entry of Default by Clerk," and a "Request [to] the Clerk, Pursuant to Intervening Plaintiffs['] Rights to Procedural Due Process, to Enter the Default of Defendants." Aplt. App. at 64, 69, and 73. On March 5, the magistrate judge construed these filings as motions for entry of default pursuant to Fed. R. Civ. P. 55(a), found them to be frivolous, and denied them. Gideon objected to the magistrate judge's order.

On March 30, the district court entered an order denying the amended motion to intervene for the same reasons it had denied the original motion to intervene and striking all of Gideon's filings since November 7, 2006, including

the requests for entry of default, because Gideon was not a party and had no standing to file any pleadings in the case. Gideon now appeals from that order. Defendants have filed a motion pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927 seeking damages, doubles costs, and attorneys' fees against Gideon for its alleged frivolous and vexatious behavior before this court.

Gideon's Appeal

Gideon presents as its first argument on appeal the following proposition: "It was error for the United States District Judge and Magistrate Judge to issue orders denying the Motion to Intervene and interfere with the entry of the Defaults of the Defendants, when these issues had been resolved, as the Defendants were already in default." Aplt. Br. at 8. We review de novo the denial of a motion to intervene as of right. *See City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996). We review for abuse of discretion the denial of a motion for default. *See Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

Although Gideon makes the conclusory assertion in its statement of the issue that the district court erred in denying its Motion to Intervene,[1] it presents

---

[1]    Although Gideon refers to its "Motion to Intervene," Aplt. Br. at 8, we presume that it meant to refer to its "Amended Motion to Intervene." The original Motion to Intervene was denied on September 1, 2006, and the instant appeal was not filed until April 13, 2007. Accordingly, the Notice of Appeal was not timely filed from the denial of the original Motion to Intervene, but it was timely filed from the denial of the Amended Motion to Intervene, which occurred

(continued...)

-4-

no argument as to *how* the district court's determination was erroneous. *See* Aplt. Br. at 8-13. Gideon does make an attempt to distinguish some legal authority cited in the magistrate judge's order of March 5, 2007, *see id.* at 11, which refers to a case involving intervention as of right, but the magistrate judge was simply providing the case citation for the proposition that Gideon was not a party to the action because its motion to intervene had not yet been granted, *see* Aplt. App. at 80. The magistrate judge was not making any determination on the pending Amended Motion to Intervene. *See id.* at 80 n.1 ("The district judge has retained to herself for determination and has not referred to me the Amended Motion to Intervene."). Accordingly, Gideon's argument about the magistrate judge's order is not relevant to its position that the district court erred in denying its Amended Motion to Intervene. Because Gideon does not offer any legal or factual support for its argument that the district court erred in denying its Amended Motion to Intervene, this argument is waived. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived").

As for its argument that the district court erred in rejecting its requests for entry of default, Gideon asserts that it was entitled to entry of default against defendants simply because it filed a request asking for such default under Fed. R.

_____

[1](...continued)
on March 30, 2007. *See* Fed. R. App. P. 4(a)(1)(A).

Civ. P. 55(a). It refuses to acknowledge the fact that at the time it filed its requests for default it was not a proper plaintiff in the action in district court–its initial motion to intervene had been denied, and its amended motion to intervene was pending before the district court. Moreover, the Amended Motion to Intervene did not itself seek a "judgment for affirmative relief,"[2] *id*., and therefore does not fall within the plain language Rule 55(a). Although a proposed complaint was attached to the motion, "[t]he purpose of the rule requiring the motion to state the reasons [for intervention] and accompanying the motion with a pleading setting forth the claim or defense is to enable the court to determine whether the applicant has the right to intervene . . . ." *Miami County Nat'l Bank v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941). Because the Amended Motion to Intervene had not been granted and the proposed complaint had not been accepted for filing, defendants had no obligation to plead or otherwise defend against the complaint; accordingly, there was no basis for the district court to enter default against the defendants under Rule 55. *Cf. Ashby*, 331 F.3d at 1152 (noting that "entry of default against [a party], before it had any obligation to file an answer, would have been incorrect as a matter of law."). Gideon has not shown that the

---

[2]     Rule 55(a) states: "Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

district court abused its discretion in its treatment of Gideon's requests for default.

Gideon presents as its second issue the following argument: "A magistrate judge in a civil matter cannot make judicial rulings without the statutorily required consent of a party in a civil case pursuant [to] 28 USC 636(c)." Aplt. Br. at 14. Gideon asserts that it did not consent for the magistrate judge to hear or determine any proceedings and that therefore the magistrate judge's March 5, 2007 order should be vacated. Gideon fails to acknowledge, however, that the order by the district court referring certain matters to the magistrate judge was made pursuant to § 636(b)(1)(A) and (B), *see* Aplee. Supp. App. at 1-2, and those provisions do not require consent from a party. And, even if consent was required, Gideon again ignores the fact that it was not a "party" to the case. Gideon's meritless argument provides no basis for this court to interfere with any orders by the magistrate judge or the district court.

Finally, as its third argument, Gideon essentially repeats its first argument that the magistrate judge and the district court erred in denying and then striking its requests for entry of default. Although Gideon continues to cite to Rule 55 to support its argument, it again provides no explanation as to how Rule 55 applies to a situation where (1) a non-party has not been granted the right to intervene; and (2) there is no properly filed complaint that would require a response on the part of defendants. This duplicative and unsupported argument is meritless.

<u>Defendants' Motion for Damages, Double Costs, and Attorneys' Fees</u>

Defendants filed a motion pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927 seeking damages, double costs, and attorneys' fees against Gideon for its "pattern of frivolous and vexatious behavior before this Court." Mot. at 2. Gideon filed a response opposing the motion. Rule 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

We agree with the defendants that the present appeal is frivolous because "the result is obvious" and Gideon's "arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). We agree also that Gideon has unreasonably and vexatiously multiplied the proceedings in this case by filing a frivolous appeal and by its other filings in this court. In addition to this appeal, Gideon filed a petition for a writ of mandamus, a motion for a stay pending appeal, and a motion for an order to show cause and for sanctions. These filings were all denied.

We denied the petition for a writ of mandamus, which sought an order requiring the district court to enter default in Gideon's favor, for the following

-8-

reason: "the district court denied [Gideon's] amended motion to intervene and struck all of [its] requests for default. Accordingly, there is no basis for this court to order the district court to enter default in [its] favor." *In re Gideon Minerals*, No. 07-1090, Order filed May 16, 2007. This order, in addition to the district court's order, put Gideon on notice that it had no meritorious basis on which to appeal. We denied Gideon's request for a stay pending appeal because it failed to comply with the applicable federal and 10th Circuit rules for appellate procedure. Finally, we note that Gideon's behavior appears to be a continuation of the abusive practices that it engaged in during the proceedings in the district court, and for which it has been sanctioned by that court.

Because this appeal is frivolous and because Gideon's conduct "manifests intentional or reckless disregard of the attorney's duties to the court," *Braley*, 832 F.2d at 1512, we GRANT defendants' motion for just damages, double costs, and attorneys' fees.

We AFFIRM the judgment of the district court. We REMAND to the district court for the limited purpose of determining the amount of the damages and fees to be awarded to defendants.

Entered for the Court

Monroe G. McKay
Circuit Judge