NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1265

NOKIA CORPORATION,

Plaintiff-Appellee,

v.

INTERDIGITAL, INC., INTERDIGITAL COMMUNICATIONS, LLC,
and INTERDIGITAL TECHNOLOGY CORPORATION,

Defendants-Appellants.

On appeal from the United States District Court for the Southern District of New York
in case no. 08-CV-01507, Judge Deborah A. Batts.

ON MOTION

Before BRYSON, GAJARSA, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

O R D E R

Nokia Corporation moves to dismiss this appeal for lack of jurisdiction. InterDigital, Inc. et al. (InterDigital) opposes. Nokia replies. InterDigital moves for a stay, pending appeal, of the March 25, 2008 order issued by the United States District Court for the Southern District of New York. Nokia opposes.

InterDigital filed a complaint against Nokia before the International Trade Commission (ITC) alleging infringement of its patents. Nokia moved to terminate or stay the proceedings before the ITC, alleging that the four patents at issue were developed under a joint development agreement and that by virtue of that agreement Nokia had a license. Nokia further argued that the agreement required that any

disputes be submitted to arbitration. The administrative law judge (ALJ) denied Nokia's motion finding that Nokia's earlier filing of a declaratory judgment complaint in the United States District Court for the District of Delaware demonstrated a desire to litigate, rather than arbitrate the disputes between the parties.

Approximately one month after the ALJ denied Nokia's motion to stay or terminate, Nokia filed a complaint in the United States District Court for the Southern District of New York seeking to enjoin InterDigital from participating in the ITC proceeding and compel arbitration. The complaint also included an alternative claim for declaratory relief that Nokia has a license. On March 25, 2008, the district court entered an order requiring InterDigital to file, no later than April 11, 2008, a motion to stay proceedings in the ITC with respect to Nokia. The district court further ordered that if the motion to stay the ITC proceeding as to Nokia is denied, InterDigital would be required to file a motion for termination of the ITC proceeding as to Nokia. InterDigital appeals the March 25 order and seeks a stay, pending appeal, of that order.

Nokia argues that the complaint does not arise under the patent laws and thus this court lacks jurisdiction. InterDigital responds that the complaint does arise under the patent laws and thus we have jurisdiction.

Pursuant to 28 U.S.C. § 1295(a)(1), this court has jurisdiction over an appeal from a district court decision if the jurisdiction of the district court was based in whole or in part on 28 U.S.C. § 1338. Section 1338 provides that district courts have jurisdiction over civil actions arising "under any Act of Congress relating to patents." A district court has jurisdiction pursuant to section 1338 if "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that

patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988). "[A] claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." Id. at 810. The mere presence of patent issues in a case does not lead to a conclusion that the case arises under the patent laws. See Ballard Med. Prods. v. Wright, 823 F.3d 527, 530-31 (Fed. Cir. 1987) (rejecting argument that presence of patent issues determines this court's jurisdiction).

Neither party contends that federal patent law creates the cause of action in this case. Rather, the parties' dispute centers on whether Nokia's claims for relief in the district court depended on resolution of a substantial question of federal patent law. Nokia argues that its claims arise under contract and do not depend on any question of federal patent law, much less a substantial one. InterDigital argues that Nokia's right to relief "depends on resolution of substantial questions of federal patent law, including: (1) whether the claims, written after the date of the [agreement], could possibly be "developed under" the [agreement], when they have a priority date prior to the agreement and must, to be valid, be supported under 35 U.S.C. § 112; (2) whether the allowed claims are presumed to be supported by the written description of the patent; and (3) whether it is possible for claims that were supported by the written description of the parent application to have incorporated later developed technology."

The court agrees with Nokia that the claims presented in Nokia's complaint[1] do not require resolution of a substantial question of federal patent law. This is a contract

---

[1] Nokia's district court complaint was filed under seal. Thus, we do not detail the counts in the complaint.

dispute involving interpretation of terms in the agreement and we find InterDigital's arguments to the contrary unavailing. Therefore, we lack jurisdiction.

InterDigital asks that, if this court determines that it lacks jurisdiction, the case be transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. The court agrees that transfer is appropriate.[2] Because we transfer, the motion to dismiss is moot.

Accordingly,

IT IS ORDERED THAT:

(1)    The case and InterDigital's motion for a stay, pending appeal, Nokia's opposition, and InterDigital's reply are transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

(2)    All other motions are denied as moot.

FOR THE COURT


    April 7, 2008                        /s/ Kimberly A. Moore    
          Date                               Kimberly A. Moore
                                          Circuit Judge

cc:    Patrick J. Flinn, Esq.
       Donald R. Dunner, Esq.

s17

ISSUED AS A MANDATE:    April 7, 2008

---

[2]    Because the district court's order requires imminent action by InterDigital, the parties may wish to file copies of their motion papers, along with a copy of InterDigital's notice of appeal and this order, directly with the Second Circuit immediately.

2008-1265                                                  4