**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UFCW LOCAL 880-RETAIL FOOD
EMPLOYERS JOINT PENSION
FUND, on behalf of itself and all
others similarly situated; POMPANO
BEACH POLICE AND
FIREFIGHTER'S RETIREMENT
SYSTEM; KAMEL AOUIDAD,
an individual; JOHN S. CHAPMAN;
ZOE MYERSON,

        Plaintiffs-Appellees,

v.

NEWMONT MINING
CORPORATION; WAYNE W.
MURDY; PIERRE LASSONDE;
BRUCE D. HANSEN; DAVID H.
FRANCISCO, an individual;
THOMAS L. ENOS, an individual;
RUSSELL BALL; ROBERT J.
GALLAGHER, an individual,

        Defendants-Appellees,

--------------------------------------------

GIDEON MINERALS U.S.A., INC.,
and its wholly owned subsidiaries;
PT LEBONG TANDAI;
PT PUKUAFU INDAH;
PT TANJUNG SERA PUNG,

        Intervenors-Appellants.

No. 07-1429
(D.C. Nos. 1:05-cv-01046-MSK-BNB
1:05-cv-01100-MSK-BNB and
1:05-cv-01141-MSK-BNB)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **McCONNELL** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Appellants, putative intervening plaintiffs in this class action for securities fraud, challenge two matters on appeal: (1) the district court's refusal to stay the underlying action pending a prior appeal from its denial of appellants' motion to intervene, and (2) the district court's imposition of sanctions against appellants' counsel for filing unauthorized pleadings after the initial denial of intervention.[1] We hold that the first ruling is not properly before us and we affirm the second.

In September 2006, the district court denied appellants' motion to intervene in the case. A month later, they filed an amended motion to intervene along with a proposed complaint. Without waiting for a ruling on the amended motion,

---

[*] After examining appellants' brief and appendix, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Counsel did not file a separate notice of appeal of the sanction order, which was directed solely at them. They did, however, sign the notice of appeal filed on behalf of their clients from the order (who lack standing to challenge it), an action we deem sufficient to provide the necessary indication of intent to appeal under Fed. R. App. P. 3(c)(4). *Laurino v. Tate*, 220 F.3d 1213, 1218 (10th Cir. 2000).

appellants began filing additional pleadings, including motions seeking entry of default against the defendants based on the lack of a formal answer to appellants' (as yet unfiled) complaint. The magistrate judge denied the motions for default as frivolous. Several months later, the district court denied the amended motion for intervention, struck as unauthorized the pleadings appellants had filed in the interim, and ordered counsel to show cause why sanctions should not be imposed for the unauthorized filings.

Appellants appealed from the denial of their motions for default and intervention.[2] They also filed a motion with this court to stay the litigation pending resolution of their appeal. This court denied the motion for stay, because it had not first been presented to the district court. *See* Fed. R. App. P. 8(a). Appellants then filed a motion for stay in the district court, which was not immediately ruled on.

In the meantime, counsel pursued their opposition to the show cause order while the underlying litigation proceeded toward a proposed settlement between the plaintiff class and the defendants (currently before a special master for resolution of issues regarding proceed distribution and attorney fees). Eventually, the district court imposed a sanction of $4,500 on counsel, which they now

---

[2] Recently, this court affirmed these rulings and, finding appellants' arguments frivolous, imposed a sanction of double costs, just damages, and attorney fees. *UFCW Local 880-Retail Food Employers Joint Pension Fund v. Newmont Mining Corp.*, No. 07-1159, 2008 WL 152598 (10th Cir. Jan. 16, 2008).

challenge on this appeal. The court also formally terminated proceedings on all of appellants' pending motions. This had the effect of denying the outstanding motion for stay pending appeal, but appellants did not take the opportunity to re-urge the stay motion before the panel hearing the associated appeal pursuant to Fed. R. App. P. 8(a). Instead, they have inappropriately attempted to include that matter with their appeal from the sanction order.

"[T]he denial of a stay pending appeal is not an appealable order."[3] *Liddell ex rel. Liddell v. Bd. of Educ. of St. Louis*, 105 F.3d 1208, 1212 (8th Cir. 1997); *see Shiley, Inc. v. Bentley Labs., Inc.*, 782 F.2d 992, 993 (Fed. Cir. 1986); *cf. City of Chanute v. Williams Natural Gas Co.*, 955 F.2d 641, 658 (10th Cir. 1992) (order granting stay of proceedings pending appeal is not appealable), *overruled in part on other grounds*, *Systemcare, Inc. v. Wang Labs. Corp.*, 117 F.3d 1137 (10th Cir. 1997) (en banc). Rather, "[t]he proper procedure for seeking [such] a stay . . . after the district court's denial of a motion for the same is set forth in Fed. R. App. P. 8(a)." *Shiley*, 782 F.2d at 993. We therefore lack jurisdiction over the matter here. Moreover, given that the prior appeal to which the motion for stay related has been resolved, *see supra* note 2, the matter is moot. This aspect of the appeal must accordingly be dismissed.

---

[3] We note that in addition to not being a final decision subject to appeal under 28 U.S.C. § 1291, a stay order "by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under [28 U.S.C.] § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988).

As for the sanction order, counsel fail to raise any substantial issue for review. They argue that appellants became intervenors through the defendants' default and were thereby entitled to file the pleadings for which they have been sanctioned. The crux of this argument, that appellants gained party status by defendants' failure to answer their unfiled complaint, was rejected by this court as frivolous on appellants' prior appeal. Counsel also complain of the few months' delay in the resolution of the amended motion to intervene, insisting that this somehow justified their unauthorized efforts to participate in the litigation during that time. The one has nothing to do with the other. If counsel felt an immediate ruling on the motion was necessary to protect appellants' interests, their remedy was to seek an expedited ruling from the district court and/or a writ of mandamus from this court. Finally, counsel's suggestion that they were justified in assuming appellants had the participatory rights of parties to the case simply because they had been listed in the court's electronic filing system–based on the failed first and unresolved second motions to intervene–is disingenuous at best.

The appeal is DISMISSED in part and the judgment of the district court is otherwise AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge
