NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2009-1169

POWER INTEGRATIONS, INC.,

Plaintiff-Appellee,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.
and FAIRCHILD SEMICONDUCTOR CORPORATION,

Defendants-Appellants.

Appeal from the United States District Court for the District of Delaware in case no. 04-CV-1371, Judge Joseph J. Farnan, Jr.

ON MOTION

Before GAJARSA. FRIEDMAN, and LINN, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

Fairchild Semiconductor Corporation moves for stay, pending appeal,[*] of the permanent injunction entered by the United States District Court for the District of Delaware on December 12, 2008. Power Integrations, Inc. opposes and requests that the court dismiss Fairchild's appeal. Fairchild replies.

Power Integrations filed suit against Fairchild asserting infringement of three patents. The district court held separate jury trials concerning infringement and

---

[*] Fairchild states that it requests a stay pending appeal, a stay pending district court proceedings, and a stay pending completion of reexamination by the United States Patent and Trademark Office. The court determines that because we lack jurisdiction over this appeal, we need not decide whether Fairchild's request to stay the injunction pending further district court proceedings or reexamination is proper within the context of this appeal.

invalidity and ruled that Fairchild infringed and that the patents were not invalid. On December 12, 2008, the district court entered a permanent injunction against Fairchild. Fairchild requested that the district court stay the injunction, and on December 22, 2008, the district court granted a temporary stay but denied a stay, pending appeal. Fairchild filed a notice of appeal seeking review of the December 22 order ruling on Fairchild's request for a stay, pending appeal. Fairchild's notice of appeal states that it appeals "from the memorandum order of the United States District Court for the District of Delaware entered on December 22, 2008 in the above case . . . denying a partial stay of permanent injunction pending appeal. Fairchild is not, at this time, appealing the permanent injunction."

This court's jurisdiction in cases arising under the patent laws is limited to review of final decisions, 28 U.S.C. § 1295 (a)(1), and orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, 28 U.S.C. § 1292(c)(1). In Shiley, Inc. v. Bentley Labs, Inc., 782 F.2d 992 (Fed. Cir 1986), this court determined that a denial of a stay of an injunction is not a final decision within the meaning of 28 U.S.C. § 1295 (a)(1) or within this court's jurisdiction under 28 U.S.C. § 1292(c)(1). Thus, we determined that we lack jurisdiction to review appeals of orders denying a stays of injunctions.

Fairchild argues that in Shiley the party seeking to appeal had already appealed the injunction itself. Fairchild argues that this case is different because here, Fairchild is "appealing the issue for the first time." Fairchild misapprehends the court's holding in Shiley. Shiley held that the court lacked jurisdiction over an appeal of an order denying a stay of an injunction; that holding did not rest on the fact that the appellant in that case

had previously appealed the injunction. Fairchild could have appealed the injunction itself; however, it did not. Shiley clearly ruled that jurisdiction is lacking in appeals of orders denying stays of injunctions, such as the order Fairchild seeks to appeal. The court may not extend its jurisdiction where none exists. See Christianson v. Colt Operating Indus. Corp., 486 U.S. 800, 818 (1988) ("a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists").

Fairchild also argues that the district court's December 22 order is appealable as an order modifying the injunction. However, we determined in Shiley that an order denying a stay, pending appeal, is not appealable under 28 U.S.C. § 1292(c)(1), which permits appeals of orders modifying injunctions. Thus, pursuant to Shiley, the district court's December 22 order is not an order modifying an injunction.

Because the December 22 order is not a final decision or appealable pursuant to 28 U.S.C. § 1292(c)(1), the court lacks jurisdiction and must dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)    The appeal is dismissed for lack of jurisdiction.

(2)    Each side shall bear its own costs.

(3)    The motion for a stay of the injunction is moot.

FOR THE COURT

MAY - 5 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    G. Hopkins Guy, III, Esq.
       Frank E. Scherkenbach, Esq.
s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY - 5 2009

JAN HORBALY
CLERK

2009-1169                    3